In re Albert Garrett SURBER, Jr., Sandra Jo Surber, Debtors.

Bankruptcy No. 96–63350.

United States Bankruptcy Court, N.D. Ohio, Eastern Division.

May 19, 1997.

Michael S. Tucker, Karen E. Hamilton, Weltman, Weinberg & Reis Co., L.P.A., Cleveland, OH, for City Loan Financial.

Michael M. Freda, Mansfield, OH, for Debtors UAW–GM Legal Services Plan.

Toby L. Rosen, Canton, OH, Chapter 13 Trustee.

## MEMORANDUM OF DECISION

JAMES H. WILLIAMS, Chief Judge.

Presently pending for the Court's consideration is the confirmation of the plan of Debtors, Albert Garret Surber Jr. and Sandra Jo Surber, under Chapter 13 of Title 11 of the United States Code. An objection to confirmation has been filed by City Loan Financial Services, Inc. (City Loan). This dispute has been briefed and a hearing was held on May 19, 1997. For the reasons stated below, the Court finds that Debtors' plan fails to meet the requirements of Section 1322(b)(2) of Title 11 of the United States Code. As such, the provisions of Section 1325(a)(1) have not been met and confirmation must be DENIED.

### FACTS

On January 10, 1996, Debtors obtained a loan from City Loan in the amount of $32,-

437.16 plus interest at an annual percentage rate of 14.99%. (City Loan's Supplemental Br. in Supp. of Obj. to Confirmation Ex.A p. 1). A first mortgage on Debtors' residence was granted as security for the note. As part of their lending agreement, Debtors chose to purchase optional credit life and disability insurance. This coverage was not required in order to obtain the loan and was revocable by Debtors at any time. *Id.* However, the section of the security agreement prefaced "cancellation of insurance" states:

> If any insurance purchased at Lender's office is terminated for any reason, more than 25 days after the date of the loan, Borrower authorizes and directs that: the insurer deliver the premium refund, if any, to the Lender which may at its option apply it to the unpaid balance of the loan or return it to Borrower.

*Id.*

Debtors filed their petition for relief, schedules, and plan under Chapter 13 on December 12, 1996. The plan sought to pay City Loan the sum of $31,500.00 plus interest at the rate of 7.25%. (Debtors' plan p. 1). The plan also directed City Loan to cancel the credit life and disability insurance on the mortgage and to apply the refund to the amount owed. City Loan terminated the insurance but has objected to the modification of the interest rate proposed by Debtors' plan.

## DISCUSSION

The Court has jurisdiction in this matter by virtue of Section 1334(b) of Title 28 of the United States Code and General Order No. 84 entered in this district on July 16, 1984. This is a core proceeding under Section 157(b)(2)(L) of Title 28 of the United States Code. This Memorandum of Decision constitutes the Court's findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

■ In the case at bar, City Loan has objected to Debtors' plan and asserts that the provisions of Section 1322(b)(2) prevent its conformation. Section 1322(b)(2) states:

> (b) Subject to subsections (a) and (c) of this section, the plan may . . .
>
> (2) modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence, or of holders of unsecured claims, or leave unaffected the rights of holders of any class of claims;

11 U.S.C. § 1322(b)(2). City Loan asserts that its only security is the mortgage on debtors' residence in Galion, Ohio and that its rights cannot be modified.

In response, debtors state that the credit life and disability insurance they purchased provides additional security exempting them from the limitations of Section 1322(b)(2). While it appears that a limited number of courts considering this issue have sided with the Debtors' position, the great weight of authority and reason dictates the contrary holding.

■ "The plain meaning of Section 1322(b)(2)'s language establishes that its purpose is to protect creditors . . . [I]nterpreting 'additional security' to include optional credit life and disability insurance would defeat this purpose for such insurance has become a standard accompaniment for mortgage loans." *RTC v. Washington (Matter of Washington)*, 967 F.2d 173, 175 (5th Cir. 1992) (citations omitted). Credit life and disability insurance policies should only be considered additional security if certain conditions are met. *Id.* at 176. Examples of these conditions are: (1) the insurance was a required prerequisite for obtaining a loan, (2) the insurance was separately pledged as additional security, (3) the security agreement contained an assignment of the interests in the insurance or (4) the security agreement contained other language perfecting an interest in the policy. *Id.* While the Sixth Circuit has never faced the issue directly before the Court, it has specifically approved and adopted the *Washington* decision and its rational in the context of fire hazard insurance. *Allied Credit Corp. v. Davis (In re Davis)*, 989 F.2d 208 (6th Cir.1993).

■ In the case at bar, Debtors assert that the above quoted language stating that

City Loan had the right to apply insurance premium refunds to the loan balance created the type of circumstance contemplated by *Washington,* mandating that credit life and disability insurance be considered as additional collateral. They argue that the language was sufficient to create a lien favoring City Loan.

However, they fail to cite any authority in support of their position. Section 101(37) of Title 11 of the United States Code defines the term "lien" as it is applied under the bankruptcy code. A lien is a "charge against or interest in property to secure payment of a debt or performance of an obligation." 11 U.S.C. § 101(37). The term lien is intended to encompass the three different types of liens defined under the bankruptcy code. 2 *Collier on Bankruptcy* ¶ 101.37 (15th ed. revised 1997). As no evidence of a statutory lien or judicial lien has been presented, a security interest is the only type of lien that could have been created.

In Section 101(51), a security interest is defined as a "lien created by agreement." 11 U.S.C. § 101(51). Debtors' agreement with City Loan specifies that the lender's sole security is a mortgage on debtors' real property. (City Loan's Supplemental Br. in Supp. of Obj. to Confirmation Ex.A p. 2). If additional security had been intended it would have been specified in the agreement. The boilerplate language included in the security agreement's cancellation of insurance provisions is insufficient to create a lien.

## CONCLUSION

Based on the evidence presented, the Court concludes that City Loan's sole security is an interest in Debtors' principal residence. As such, Section 1322(b)(2) prevents the modification of its interests. Debtors plan, which proposes a modification, violates Section 1325(a)(1) and confirmation must be DENIED.